IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Allstate Casualty Ins. Co.,            Case No. 3:09CV1023

        Plaintiff

v.            ORDER

Ed and Carol Warchol, et al.,

        Defendant

This is a declaratory judgment action in which the plaintiff Allstate Casualty Insurance Company (Allstate) contends that the defendants Ed and Carol Warchol are not entitled to coverage under their Allstate homeowners policy. Pending are counter-motions for summary judgment. (Docs. 28, 31). For the reasons that follow, Allstate's motion shall be granted and defendants' motion denied.

The Warchols own a "Kite Tube," which, when towed behind a motor boat, can rise above the surface of the water on which it and the boat are moving.[1] They loaned the Kite Tube to Matthew

---

[1] As described in *Dunnam v. Sportsstuff, Inc.*, 2008 WL 200287, *1 (E.D.Va.), a Kite Tube is "a 10-foot-wide, circular, yellow, inflatable watercraft designed to be towed behind a power boat"; *see also Kladivo v. Sportsstuff, Inc.,* 2008 WL 4933951, *1 (D.Minn.) ("The Kite Tube is an inflatable watercraft designed to be towed behind a power boat.").

Hosley, who was operating a motor boat with a 120 horsepower engine and towing the Kite Tube in which Casey Karabin was riding. Karabin suffered injuries while using the Kite Tube.

Karabin sued the Warchols and Hosely in a state court action. The Warchols made a demand on Allstate for coverage under their homeowners policy. Allstate has provided a defense under a reservation of rights.

In this case Allstate claims that the Warchols are not entitled to coverage for Karabin's claim against them in light of Exclusion 6 in the policy:

> 6. We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, *loaning*, entrusting, loading or unloading of *watercraft* away from an insured premises if the watercraft:
>
> > a) has inboard or inboard-outboard motor power of more than 50 horsepower;
> >
> > b) is a sailing vessel 26 feet or more in length;
> >
> > c) is *powered by one or more outboard motors with more than 25 total horsepower*,
> >
> > d) is designated as an airboat, air cushion, or similar type of watercraft; or
> >
> > e) is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.
>
> This exclusion does not apply to bodily injury to a residence employee.

(Doc. 1, Exh. 2, pg. 22) (emphasis supplied).

The Warchols have admitted that the Kite Tube is a "watercraft."(Doc. 28-1, Exh. A, ¶ 5).[2]

---

[2] To the extent that the Warchols attempt in their counter-motion for summary judgment (Doc. 31, at 3) to back away from this admission, they cannot do so. An admission, once made, cannot simply be repudiated to defeat a motion for summary judgment based, in whole or part, on such admission. *Cf. Coffey v. Chattanooga-Hamilton County Hosp. Authority*, 194 F.3d 1311, *5 (6th Cir. 1999) (unpublished disposition) (holding that a party cannot create a genuine issue of material fact within his own testimony to defeat summary judgment).

They contend, however, that the Kite Tube was not, at the time of the accident, "powered by one or more outboard motors." They base this contention on the fact that the Kite Tube has no independent power source, much less a motor "with more that 25 total horsepower."

In making this contention, the Warchols appear to be relying, without saying so, on exclusion 6.a), which applies to watercraft having "an inboard or inboard-outboard motor power of more than 50 horsepower." But that's not the applicable exclusion.

The applicable exclusion is 6.c), which excludes coverage for watercraft "powered by" an outboard motor "with more than 25 total horsepower."

In the Warchols' view, this exclusion does not apply because the Kite Tube was moving behind a boat while attached to a towrope, and only the boat, but not the Kite Tube, was being "powered by" its 120 horsepower motor.

To conclude otherwise, the Warchols contend in the alternative, would make the exclusion ambiguous and not enforceable against them.

I disagree. Exclusion 6.a) anticipates and excludes the situation in which a watercraft is being powered by a motor affixed to the watercraft. The exclusion of 6.c) would be meaningless if "powered by," as used in the exclusion, also applied where the power source was attached to the watercraft.

Exclusion 6.c), which is broader than 6.a), applies regardless of how the outboard motor causes the watercraft to move.

---

Even if the Warchols could seek to repudiate an admission, it is clear that the Kite Tube is a "watercraft" within the terms of the policy.

In this case, the Kite Tube would have been stationary unless the boat was pulling it. Under the plain and ordinary, and entirely unambiguous meaning of the term, "powered by," Exclusion 6.c) applies, and the Warchols are not entitled to coverage under the policy.

## Conclusion

A boat with an outboard motor of more than twenty-five horsepower was towing a watercraft. Pursuant to the unambiguous terms of the applicable exclusion, Allstate's homeowners policy did not provide coverage for bodily injuries resulting from that activity.

It is, therefore,

ORDERED THAT plaintiff's motion for summary judgment (Doc. 28) be, and the same hereby is granted, and defendants' motion for summary judgment (Doc. 31) be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge